# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERI CARVER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 06-CV-122-GKF-FHM |
| | ) |
| FRANK CANTEY, individually, | ) |
| and in his official capacity as | ) |
| Sheriff of Mayes County, | ) |
| State of Oklahoma, MARK "DOE," | ) |
| JOHN DOE and JANE DOE, | ) |
| detention officers of Mayes County | ) |
| Sheriff's Office, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment of defendant Frank Cantey, individually and in his official capacity as Sheriff of Mayes County, Oklahoma ("Cantey") [Docket No. 25].

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Company of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the nonmovant bears the burden of pointing to specific facts in the record "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Wolf*, 50 F.3d at 796. Summary judgment decisions involving a qualified immunity defense

are somewhat different. Once a defendant raises a qualified immunity defense, the plaintiff assumes the burden of (1) coming forward with sufficient facts to show that the defendant's conduct violated the law; and (2) demonstrating that the relevant law was clearly established when the alleged violation occurred. *Barney v. Pulsipher,* 143 F.3d 1299, 1309 (10th Cir. 1998).

## I.

Cantey contends that the Prison Litigation Reform Act (PLRA) bars plaintiff's suit because it provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA defines "prisoner" as "any person incarcerated or detained in a facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the term and conditions of parole, probation, pretrail release, or diversionary program." 42 U.S.C. 1997e(h). It is a plaintiff's status at the time she files suit that determines whether she is a "prisoner" under the PLRA. *Norton v. City of Marietta, Oklahoma*, 432 F.3d 1145, 1150 (10th Cir. 2005). In this case, plaintiff Teri Carver ("Carver") was no longer a prisoner when she filed suit. The PLRA simply does not bar Carver's claims.

## II.

Having reviewed plaintiff's allegations and the evidentiary materials submitted by the parties in conjunction with the motion for summary judgment, this court concludes that Carver has failed to show an injury of constitutional magnitude. Cantey is entitled to summary judgment on Carver's due process and Eighth Amendment claims. *See, e.g., Ledbetter v. City of Topeka, Kansas,* 318 F.3d 1183, 1188 (10th Cir. 2003)(the Eighth Amendment standard provides the benchmark for due process claims of unconstitutional conditions of confinement . . . an important factor in determining whether the conditions of confinement meet constitutional standards is the length of the

incarceration); *Barney v. Pulsipher,* 143 F.3d 1299, 1311, n. 11 (10th Cir. 1998)(verbal sexual harassment alone is not sufficient to state a claim under the Eighth Amendment); *Trujillo v. Williams,* 465 F.3d 1210, 1227 (10th Cir. 2006)(a *substantial* deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment).

### III.

As set forth above, once a defendant raises the defense of qualified immunity, the plaintiff assumes the burden of (1) coming forward with sufficient facts to show that the defendant's conduct violated the law; and (2) demonstrating that the relevant law was clearly established when the alleged violation occurred. *Barney v. Pulsipher,* 143 F.3d 1299, 1309 (10th Cir. 1998). "A court required to rule upon [a] qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001). As discussed in Section II, Carver has not come forward with sufficient facts to show that Cantey's alleged conduct violated the law. Cantey is entitled to summary judgment on his qualified immunity defense.

### IV.

In order to establish supervisory liability under Section 1983, a plaintiff must show that "an affirmative link exists between the [alleged constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000). Sheriff Cantey was not present at the jail at the time the events underlying this suit took place, and Carver has presented no evidence of Cantey's control, direction, knowledge or acquiescence. Carver has presented no evidence of a practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law. *Lankford v.*

*City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)). However, Carver contends Cantey is liable based upon his failure to adequately supervise and train jail personnel. As to the claim of inadequate training, Carver must "identify a specific deficiency in the county's training program closely related to [her] ultimate injury, and must prove that the deficiency in training actually caused [her] jailer to act with deliberate indifference..." *Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir. 1999). Carver has not met that burden here. This court concludes that defendant Cantey is entitled to summary judgment in connection with Carver's claim of supervisory liability under Section 1983 due to the alleged failure to adequately train jail personnel.

WHEREFORE, the Motion for Summary Judgment of defendant Frank Cantey, individually and in his official capacity as Sheriff of Mayes County, Oklahoma [Docket No. 25] is granted.

IT IS SO ORDERED this 15th day of May 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma